**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RASY PEN LEE,

          Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

          Defendant - Appellee.

No. 25-243

D.C. No. 3:24-cv-05205-GJL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted March 12, 2026[**]
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.[***]

Rasy Lee appeals the district court's judgment upholding the Commissioner

of Social Security's denial of her application for disability insurance benefits under

Title II of the Social Security Act. Lee argues that the Administrative Law Judge

("ALJ") erred in his assessment of certain doctors' medical opinions, Lee's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

testimony, Lee's residual functioning capacity, and the available jobs Lee could perform. We have jurisdiction under 28 U.S.C. § 1291. We review the ALJ's underlying decision for legal error or lack of substantial evidence. *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). We affirm.

1. Substantial evidence supports the ALJ's weighing of the medical opinions of Dr. Enkema and Dr. Rousseau. An ALJ must assess medical opinions based on their supportability and consistency with the record. 20 C.F.R. § 404.1520c(b)(2); *see Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022).

The ALJ reasonably concluded that Dr. Enkema's medical opinion was unpersuasive. The ALJ explained that Dr. Enkema's opinion was unsupported by medical evidence. In particular, the ALJ reasonably determined that Dr. Enkema's conclusions about Lee's physical limitations were belied by his own examination results, which showed full strength in all extremities and a normal range of motion in most major joints. The ALJ also permissibly found that Dr. Enkema's opinion was inconsistent with the record in other respects: Lee pursued conservative treatment and failed to follow through on certain referrals; examinations by other medical providers found a normal range of motion, strength, and gait; and Lee

2

reported subsequent work as a nail aesthetician. Finally, the ALJ properly considered that Dr. Enkema did not have an opportunity to review the record as a whole. *See* 20 C.F.R. § 404.1520c(c)(5) (stating that the ALJ may consider a medical source's "familiarity with the other evidence in the claim"). The ALJ's findings are supported by substantial evidence.[1]

The ALJ permissibly concluded that Dr. Rousseau's medical opinion was persuasive. The ALJ reasoned that Dr. Rousseau's opinion was supported by objective medical evidence, including Lee's full motor strength and normal gait; that his opinion was consistent with records showing conservative treatment for Lee's conditions and her own reported activities, including work as a nail aesthetician; and that he was familiar with the entire record. *See* 20 C.F.R. § 404.1520c(b)(2). Lee contends that "Dr. Rousseau never actually explained how his findings account for Dr. Enkema's clinical findings and opinions." Although Dr. Rousseau's reasons do little to explain his difference in opinion from Dr. Enkema, the relevant inquiry is whether the ALJ gave reasons, supported by the record, in his assessment of medical opinions. The ALJ appropriately weighed Dr. Rousseau's opinion after reviewing it for supportability and consistency with the

---

[1] Contrary to Lee's argument, the ALJ was not obligated to further develop the record, because it was not so "ambiguous" or "inadequate" as to prevent "proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

record.

2. Substantial evidence supports the ALJ's specific, clear, and convincing reasons to discredit Lee's testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ did not reject Lee's testimony solely because it conflicted with the objective medical evidence; rather, the ALJ instead appropriately considered such inconsistency together with other factors. *See Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991) (en banc); 20 C.F.R. § 404.1529(c)(2). The ALJ identified several sources of inconsistencies with Lee's testimony: objective medical evidence, conservative treatment and failure to follow up with certain referrals, work experience subsequent to filing for disability, and daily activities. These are proper grounds for discounting Lee's testimony. *See* 20 C.F.R. §§ 404.1529(c)(2), (3)(i), (3)(v); *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

3. Lee's arguments that the ALJ erred in his determination of her residual functional capacity and in his vocational findings are predicated upon Lee's claims that the medical evidence and Lee's testimony should have been weighed differently. Accordingly, these derivate arguments also fail. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023) (rejecting similar derivative arguments

4

where the ALJ properly weighed medical opinions).

**AFFIRMED.**